**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2801
_____

JAMESON ROSADO,
                                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-03999)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2021
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jameson Rosado appeals from the District Court's order entering summary judgment in favor of the Attorney General of the United States. We will affirm.

I.

Rosado was employed by the Federal Bureau of Investigation from 1992 until his termination in 2011. In 2015, he filed suit raising claims of discrimination and other misconduct relating to his employment. Following a series of dismissals and amended complaints, the District Court allowed three of Rosado's claims to proceed to discovery.

In those claims, Rosado alleged that FBI personnel violated Title VII of the Civil Rights Act of 1964 by retaliating against him for filing a complaint with the Equal Employment Opportunity Commission in 2008. Rosado claimed that FBI personnel retaliated against him for filing the complaint by: (1) not appointing him to the Evidence Response Team in 2010; (2) not approving him for the Student Loan Repayment Program in 2009 and 2010; and (3) referring him to the Investigation Division in 2011 for the workplace misconduct that ultimately led to his termination.

Following discovery, the Attorney General filed a motion for summary judgment. The District Court granted that motion, and Rosado now appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. On appeal, Rosado challenges only the District Court's entry of summary judgment against him. Our review of that ruling is plenary. See Pearson v. Prison Health Serv., 850 F.3d 526, 533 (3d Cir. 2017). Having

2

conducted that review, we will affirm substantially for the reasons explained by the District Court.

Rosado has not raised any persuasive challenges to the District Court's ruling. Rosado devotes much of his filings to complaints about a New Jersey criminal matter involving voicemails that he left for a Magistrate Judge after the District Court's entry of summary judgment. That criminal matter is beyond the scope of this appeal. To the extent that Rosado's filings can be read to argue that this criminal matter reveals bias or misconduct on the part of the Magistrate Judge, Rosado has shown no basis for any such argument and our review reveals none.

Rosado's arguments do not otherwise state any basis for relief. Rosado argues that the Attorney General did not produce certain documents during discovery, but he does not challenge any specific discovery ruling and largely fails to specify what he sought or how he believes it would have helped his case.[1] In any event, we have reviewed his arguments in this regard and discern no basis for relief. Rosado also argues that the District Court overlooked certain issues, but he again largely fails to relate those issues to

---

[1] Rosado claims, for example, that the Attorney General did not produce the names of two Assistant Special Agents-in-Charge who allegedly told Mike Ward, the Special Agent-in-Charge of the Newark Division, that Rosado previously impersonated an agent. That information does not appear relevant to any of Rosado's claims or to the District Court's reasons for entering summary judgment on those claims.

any of his specific claims or to any of the District Court's reasons for rejecting those claims. Those issues do not undermine the District Court's rulings in any event.[2]

In sum, neither Rosado's arguments nor our review reveals anything calling the District Court's well-reasoned rulings into question.

### III.

For these reasons, we will affirm the judgment of the District Court. Rosado's pending motions, including his motions to disqualify appellee's counsel and for appointment of counsel, are denied.

---

[2] Rosado argues, for example, that the District Court overlooked a September 9, 2014 decision by an EEOC administrative judge who concluded that the FBI did not retaliate against him. His arguments in that regard consist largely of handwritten notations such as "not true" next to many of the administrative judge's statements. Rosado does not explain how this document undermines the District Court's rulings, and it does not.